TotteN J.,
delivered the opinion of the court.
Debt on a lost note for eleven hundred dollars. A demurrer to the declaration was sustained, and plaintiff has appealed in error to this court.
The declaration is formal. Two affidavits of the loss of the note are annexed to the declaration; one by (.1. M. Eogg, stating that he had mailed said note at Nashville, to the address of E. J. Bead, and it is verified before a justice at Nashville; the other is by said Bead, to the effect that said note never came to his possession, and that he believes it has been lost or miscarried in the mail.
The Act of 1819, ch. 27, gives a remedy at law on lost instruments, but requires an affidavit of the loss, and that the instrument has not been sold or assigned to another. The . affidavit is to be verified before the court where the suit is instituted, to be annexed to, and filed with the declaration. It “forms part of the record;’’ 10 Humph. B., 415; Cook’s B., 49; it is to be taken as a substitute for gyrofert and oyer of the instrument, .and, in effect, becomes incorporated in, and forms part *641 of tbe declaration. Tbe demurrer is, therefore, a proper and convenient mode to test tbe sufficiency and validity of tbe declaration including tbe affidavit. It is true, that a more technical rule might require the substance of tbe affidavit to be stated in tbe declaration itself; as, that tbe instrument was lost, and that it bad not been assigned. But such strictness has not been usual in practice; and we do not deem it material to require it, as tbe principal matter under tbe statute is tbe affidavit itself. Here, tbe declaration avers tbe loss of the instrument, but omits to aver that it bad not been assigned.
2. Tbe affidavits are bad. Mr. Eogg’s is not verified before the court, as required by tbe statute, and is otherwise defective. Mr. Bead’s is defective in not stating that the note has not been sold or assigned. It is obvious, likewise, that Mr. Bead can make no affidavit in tbe case, as tbe note never came to bis hands, and be knows nothing of its existence or its loss. But we think it would be competent for an agent or attorney, into whose possession tbe instrument bad actually como, and by him been lost or mislaid, to make tbe affidavit under the statute; because be represents the plaintiff, and is tbe only person to whom tbe facts are actually known. And so, a plea in abatement may be verified by an agent or attorney, if tbe facts stated in tbe plea be within bis personal knowledge; Bank of Tenn. vs. Jones, 1 Swan’s Rep., 391.
3. We may observe further, that tbe remedy at law, under the statute, does not supercede, tbe former remedy in equity. That remains as it was' before.
Judgment affirmed.